# U.S. District Court
## Northern District of Iowa (Cedar Rapids)
## CIVIL DOCKET FOR CASE #: 1:20−cv−00062−LRR−MAR
### *Internal Use Only*

Bordman v. United States of America
Assigned to: Judge Linda R Reade
Referred to: Magistrate Judge Mark A Roberts
Related Case: 1:16−cr−00081−LRR−MAR−1
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 06/15/2020
Date Terminated: 04/15/2021
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Michael Bordman**     represented by     **Michael Bordman**
16830−029
TUCSON USP
US PENITENTIARY
PO BOX 24550
TUCSON, AZ 85734
PRO SE

V.

**Respondent**

**United States of America**     represented by     **Mark A Tremmel**
US Attorney's Office
111 7th Avenue SE
Box 1
Cedar Rapids, IA 52401
319 363 6333
Email: mark.tremmel@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/12/2020 | 1 | | PRO SE MOTION to Vacate, Set Aside or Correct Sentence (2255) ( Criminal Action 16−cr−81−LRR−MAR), filed by Michael Bordman. Dismissal Deadline 6/12/2021 (ksy)(NEF to Plf) (Entered: 06/15/2020) |
| 06/12/2020 | 2 | | SUPPLEMENT to 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) ( Criminal Action 16−cr−81−LRR−MAR) by Michael Bordman (ksy)(NEF to Plf)(PSLC) (Entered: 06/15/2020) |
| 02/22/2021 | 3 | | PRO SE Correspondence by Michael Bordman (ksy)(NEF w/docket to Plf)(PSLC) (Entered: 02/24/2021) |
| 04/06/2021 | 4 | | PRO SE Correspondence by Michael Bordman. (NEF and copy of 1 Motion |

| | | | |
|---|---|---|---|
| | | | mailed to Pltf) (PSLC) (mmc) (Entered: 04/06/2021) |
| 04/15/2021 | 5 | | ORDER denying 1 Motion to Vacate/Set Aside/Correct Sentence (2255). A certificate of appealability will not issue. Signed by Judge Linda R Reade on 4/15/2021. (NEF and Order mailed to petitioner) (kms) (Entered: 04/15/2021) |
| 04/15/2021 | 6 | | CLERK'S Judgment: Petitioner's Petition for Habeas Corpus Relief pursuant to 28 USC 2255 is denied. Judgment is entered in favor of Respondent in this case. A certificate of appealability is denied. Signed by Clerk on 4/15/2021. (kms) (Entered: 04/15/2021) |
| 05/17/2021 | 7 | | PRO SE NOTICE of 2255 Appeal as to 5 Order and 6 Judgment by Michael Bordman. (Attachments: # 1 USCA Cover Letter to Clerk) (PSLC) (NEF mailed to Pet)(skm) (Entered: 05/24/2021) |
| 05/24/2021 | 8 | | NOA Supplement and Transmission of Notice of Appeal to US Court of Appeals re 7 Pro Se Notice of 2255 Appeal. Case Number due by 5/27/2021 (copy w/NEF mailed to Pet). (skm) (Entered: 05/24/2021) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MICHAEL BORDMAN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. 20-CV-62
16-CR-81

**ORDER**

_____

The matter before the court is Petitioner Michael Bordman's ("the movant") pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion") (docket no. 1).

On November 2, 2016, the grand jury returned a six-count Superseding Indictment (criminal docket no. 18), charging the movant with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1); distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count 2); receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count 3); possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Counts 4-6). On December 22, 2016, the movant pleaded guilty to Counts 1 and 4 of the Indictment. *See* criminal docket nos. 31, 33-34. On June 12, 2017, the movant was sentenced to 600 months' imprisonment, 360 months' imprisonment on Count 1, and 240 months' imprisonment on Count 4, to be served consecutively. *See* June 12, 2017 Minute Entry (criminal docket no. 53); Judgment (criminal docket no. 54).

On June 19, 2017, the movant filed a notice of appeal. *See* Notice of Appeal (criminal docket no. 57). On July 17, 2018, the Eighth Circuit Court of Appeals affirmed the judgment against the movant. *See* criminal docket nos. 69-70. On November 30,

2018, the movant filed a writ of certiorari. *See* criminal docket no. 73. On May 2, 2019, the Supreme Court denied the writ of certiorari. *See* criminal docket no. 74.

On June 12, 2020, the movant filed his § 2255 motion. In the motion, the movant raises six grounds for relief, including multiple grounds of ineffective assistance of counsel and additional grounds relating to the Superseding Indictment and to statutory interpretation. *See generally* Motion at 6-29.

## I. § 2255 INITIAL REVIEW STANDARD

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. 28 U.S.C. § 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g. Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitations period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitations period stems from the final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is

2

taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003), stating, "[w]e hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires;" *see also* U.S. Sup. Ct. R. 13.

The one-year limitations period is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244 (b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second, successive habeas motion. *Id.*

## II. ANAYLSIS

Here, the movant's judgment became final May 2, 2019. The movant filed the instant Motion on June 12, 2020, over one year past the one-year limitations period. In the Motion, the movant states that the Motion was "mailed during [the] COVID-19

3

Case 1:20-cv-00062-LRR-MAR   Document 5   Filed 04/15/21   Page 3 of 5
Appellate Case: 21-2169   Page: 5   Date Filed: 05/25/2021 Entry ID: 5038073   May 24 2021 p5

pandemic on April 28, 2020 during Institution Health and Safety Lockdown[.]" Motion at 31. However, such a claim is impossible considering that the movant signed and dated the Motion on June 10, 2020. *See* Motion at 33; *see also* Pro Se Supplement to Motion (docket no. 2) (showing that it was filed on June 12, 2020 and signed and dated June 10, 2020). Furthermore, there is no evidence in the record that the Motion was mailed on April 28, 2020 or any time before June 10, 2020. Moreover, even if the movant placed the Motion in the mail on June 10, 2020, the Motion remains untimely. Accordingly, the movant's § 2255 motion shall be dismissed.

### III. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district court judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. In order to make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569; *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the

4

Case 1:20-cv-00062-LRR-MAR   Document 5   Filed 04/15/21   Page 4 of 5
Appellate Case: 21-2169   Page: 6   Date Filed: 05/25/2021 Entry ID: 5038073  May 24 2021 p6

constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the court finds that it is not debatable that the movant's motion is untimely. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

In light of the foregoing, it is hereby **ORDERED**:

(1) The Motion pursuant to 28 U.S.C. § 2255 (docket no. 1) is **DENIED**; and

(2) A certificate of appealability shall **NOT ISSUE**.

**IT IS SO ORDERED**.

**DATED** this 15th day of April, 2021.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

5

Case 1:20-cv-00062-LRR-MAR   Document 5   Filed 04/15/21   Page 5 of 5
Appellate Case: 21-2169   Page: 7   Date Filed: 05/25/2021 Entry ID: 5038978   May 24 2021 p7

# UNITED STATES DISTRICT COURT
for the
Northern District of Iowa

| | |
|---|---|
| Michael Bordman <br> *Plaintiff* <br> v. <br> United States of America <br> *Defendant* | ) ) ) ) ) Civil Action No. 1:20-cv-62-LRR-MAR |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____), which includes prejudgment interest at the rate of _____%, plus post judgment interest at the rate of _____% per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

☑ other: Petitioner's Petition for Habeas Corpus Relief pursuant to 28 USC 2255 is denied. Judgment is entered in favor of Respondent in this case. A certificate of appealability is denied.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☑ decided by Judge Linda R. Reade on a 28 U.S.C. § 2255 motion.

Date: 4/15/2021

*CLERK OF COURT*

*KM Sanchez*
*Signature of Clerk or Deputy Clerk*

UNITED STATES COURT OF APPEALS
FOR THE EIGHT CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL M. BORDMAN<br>Defendant - Appellant. | Case No. 1:20-cv-00062-LRR-MAR<br><br><br>Application for Certificate of Appealability |

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); <u>Lennox v. Evans</u>, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

RECEIVED

MAY 17 2021

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

1. **Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.) In April 2020 the appellant had completed his pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. When Covid-19 pandemic quarantine lockdown was ordered by the FBOP for USP Tucson, AZ he was moved to a different cell block to impeed the spread of the virus and a portion of his property containing his § 2255 petition was misplaced. This property was not returned to him until June 2020. He signed, dated, and mailed his petition, still being prevented from obtaining copies for service, as soon as possible in an effort *cont. 1a*

2. **Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.) The appellant appeals the District Court's dismissal of his 28 U.S.C. § 2255.

3. **Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.** The extraordinary and unusual circumstances of the Covid-19 pandemic quarantine prison lockdown of 2020-21 blocked his due diligent efforts preventing him from presenting his § 2255 petiton in a timely manner whereby his dur process was made void by not allowing constitutional violations alleged therein given equitable consideration by the District Court.

4.  Do you think the district court applied the wrong law? If so, what law do you want applied?   NO

5.  Did the district court incorrectly decide the facts? If so, what facts?   NO

6.  Did the district court fail to consider important grounds for relief? If so, what grounds?   NO

7.  Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?   NO

*continued from 1a*

to make his submission timely.

*continued from pg 8a*

    Also this Court view the merits of the District Court's decision responding to the record, which the appellant concedes "untimeliness", is the only appropriate conclusion the Court could reach. Conversely remaning this "timely" issue back to the Distrect Court for reconsideration only to reach a conclusion that equitable tolling is indeed the proper remedy and then giving leave to refile § 2255 with that court would be unnecessary.

    Applellant is asking that his Court "will treat this case as if no certificate of appealability had been granted by the District Court. in that event the notice of appeal is treated as an application for certificate of appealability to the judges of this Court." <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997)

8. **What action do you want this court to take in your case?** The appellant requests of this Court that it toll the time between April 28 and June 10, 2020 equitably making his 28 U.S.C. § 2255 timely whereby "a petitioner mus show (1) that he has beem pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented him from filing in a timely manner." <u>Coulter v. Kelly</u>, 871 F.3d 612 (8th Cir. 2017)

*Cont. pg 8a*

9. **Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies?** N/A

_5/10/21_
Date

_Michael Bordma_
Signature

# CERTIFICATE OF SERVICE

I hereby certify that on _____ I served a copy of
(date)

the Certificate of Appealability:

_____ to _____, at _____
(Opposing Party or Attorney)

_____, the last known

address, by _____.
(State method of service)

NOTICE

Dissmissal of petition § 2255 was made by the District Court on its volition as no service was able to be provided by the appllelant at his submission of original 28 U.S.C. § 2255 resulting no answer from the Government.

5/10/2021                           Michael Berdman
Date                                Signature

michael Bordman 16830-028
United States Pent
PO Box 24550
Tucson AZ 85734-4550


CERTIFIED MAIL


7020 1290 0001 8701 6253



Del

Legal mail

Eight circuit of Appeals
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, room 24.329
St. louis MO 63102-1116

63102-112599



# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

RECEIVED MAY 21 2021

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

May 17, 2021

Mr. Robert Phelps, Clerk
U.S. District Court
111 Seventh Ave. SE
Cedar Rapids, IA 52401

Case: Michael Bordman v. USA

District Court Case Number: 1:20-cv-00062-LRR

Dear Mr. Phelps,

    Please find enclosed a document that appears to be related to the above mentioned case. Please use the received date noted from our court of May 17, 2021 when docketing this pleading.

    Mr. Bordman is advised that sending notices of appeal and other documents that should be filed in the District Court to our court only results in delay as they must then be forwarded to the appropriate court for filing.

    Should you require further assistance in this matter, please do not hesitate to contact our office.

Sincerely,

Michael E. Gans
Clerk of Court

cjo

Mr. Michael Bordman
16830-029
TUCSON FCI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO Box 23811
TUCSON, AZ 85734

RECEIVED MAY 21 2021

Mr. Robert Phelps, Clerk
U.S. District Court
111 Seventh Ave. SE
Cedar Rapids, IA 52401

**UNITED STATES COURT OF APPEALS**
FOR THE EIGHTH CIRCUIT
OFFICE OF THE CLERK
ST. LOUIS, MO 63102

OFFICIAL BUSINESS

5.21.21
EB



XRAYED US MARSHALS SERVICE

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**CASE NO.** 20cv62-LRR-MAR

**CASE TITLE** Michael Bordman v. United States of America

**Length of Trial:** N/A

**Financial Status:** Fee paid? Yes: ☐ No: ✓

If NO, has IFP been granted? Yes: ☐ No: ✓

Is there a pending motion for IFP? Yes: ☐ No: ✓

**Any other pending post-judgment motions?** Yes: ☐ No: ✓

**Local interest in case?** Yes: ☐ No: ✓

**Simultaneous release recommended?** Yes: ☐ No: ✓

Identify the court reporter: *If NO court reporter please check here*: ✓

| Court Reporter | Proceeding | Telephone |
|---|---|---|
| | | |

**Are any parties to this action incarcerated:** Yes: ✓ No: ☐

If yes, indicate which: Plaintiff: ✓ Defendant: ☐

**List all other defendants in this case if there were multiple defendants**

Special Comments:

**Please return files and documents to:**

**U.S. District Clerk - Northern District of Iowa**

111 7th Avenue SE, Box 12, Cedar Rapids, IA 52401

**Contact Person:**

Sarah Melvin 319-286-2300